UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 22-1203(DSD/DJF)

Rita Mathiason,

        Plaintiff,

v.                               **ORDER**

Shutterfly, Inc.,

        Defendant.

This matter is before the court on the objection by plaintiff Rita Mathiason to the January 30, 2023, order of Magistrate Judge Dulce J. Foster denying Mathiason's motion for leave to amend her complaint to include a claim for punitive damages.[1]

Mathiason alleges that Shutterfly violated the Minnesota Human Right Act (MHRA), the Fair Labor Standards Act (FLSA), and the Minnesota Whistleblower Act (MWA), by terminating her employment after she complained that Shutterfly misclassified her as an independent contractor. See Am. Compl., ECF No. 11. On December 16, 2022, Mathiason moved to amend her complaint to include a claim for punitive damages relating to her MWA claim. ECF No. 30. After full briefing and oral argument, the magistrate judge concluded that the motion to amend should be denied because

---

[1] The order is styled as a report and recommendation, but will be construed as an order as the issue presented is non-dispositive.

Mathiason failed to adequately plead that her complaints to Shutterfly constituted statutorily protected conduct, as required by the MWA. ECF No. 40, at 8-9. Mathiason appeals the magistrate's judge's determination, arguing that she erred in failing to address whether Mathiason's proposed amended complaint adequately states a claim for punitive damages.

Where a motion to amend is opposed on the basis of futility, the court will review the magistrate judge's determination de novo. D. Minn. L.R. 72.2(a)(3)(B). Based on its do novo review of the record and applicable caselaw, the court determines that the magistrate judge erred in failing to assess whether Mathiason's proposed amended complaint and related documents adequately plead a claim for punitive damages.

Under Minnesota law, punitive damages may be recovered only on clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others. Minn. Stat. § 549.20, subdiv. 1(a). "Deliberate disregard" may be found when a defendant:

> (b)...has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others; and
>
>> (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or

2

>     (2) deliberately proceeds to act with
>     indifference to the high probability of injury to
>     the rights or safety of others.

Id. § 549.20, subdiv. 1(b).

In the context of a motion to amend, futility may serve as a basis for denial where "claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted." DeRoche v. All Am. Bottling Corp., 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998). Here, then, the "first question" is whether Mathiason has pleaded sufficient facts to support her theory that Shutterfly acted with deliberate disregard for her rights. Ramirez v. AMPS Staffing, Inc., No. 17-5107, 2018 WL 1990031, at 7 (D. Minn. Apr. 27, 2018). The magistrate judge determined that Mathiason's MWA claim may be untenable for failing to identify statutorily protected activity under the MWA,[2] but she did not address the threshold question of whether Mathiason's proposed amended complaint plausibly alleges a claim for punitive damages. See ECF No. 40, at 7-9. For that reason, the court must

---

[2] The magistrate judge determined that although Mathiason's complaint alleges that her complaints to Shutterfly "implicated both federal state and federal income laws" including 29 U.S.C. § 215(a)(3) and Minn. Stat. § 177.23, neither of those statutes applies given the facts alleged. ECF No. 40, at 8-9. The court is unsure as to whether this determination, if reached on remand, is sufficient to bar Mathiason's punitive damages claim at this stage of the proceedings.

respectfully sustain Mathiason's objection and remand the matter for renewed disposition by the magistrate judge.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The objection [ECF No. 41] to the magistrate judge's order is sustained; and

2. The matter is remanded.

Dated: February 17, 2023

s/David S. Doty
David S. Doty, Judge
United States District Court
